UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LABORERS' PENSION FUND and | ) | |
| LABORERS' WELFARE FUND OF THE | ) | |
| HEALTH AND WELFARE DEPARTMENT | ) | |
| OF THE CONSTRUCTION AND | ) | |
| GENERAL LABORERS' DISTRICT | ) | |
| COUNCIL OF CHICAGO AND VICINITY, | ) | |
| and JAMES S. JORGENSEN, Administrator | ) | |
| of the Funds, | ) | |
| | ) | 13 C 180 |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| SAFE ENVIRONMENTAL CORPORATION, | ) | |
| an Indiana corporation also d/b/a SAFE | ) | |
| ENVIRONMENTAL CORP. OF INDIANA, | ) | |
| CORP. OF INDIANA, and RICK LOVELACE, | ) | |
| individually, | ) | |
| | ) | |
| Defendants. | ) | |

## <u>MEMORANDUM OPINION</u>

CHARLES P. KOCORAS, District Judge:

This matter comes before the Court on the motion of Defendants Safe

Environmental Corporation ("Safe") and Rick Lovelace ("Lovelace") (collectively

"Defendants") to dismiss the complaint of Plaintiffs Laborers' Pension Fund and

Laborers' Welfare Fund of the Health and Welfare Department of the Construction

and General Laborers' District Council of Chicago and Vicinity (the "Funds") and

James S. Jorgensen ("Jorgensen"), Administrator of the Funds (collectively

"Plaintiffs") pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). For the reasons set forth below, Defendants' motion to dismiss is denied.

## BACKGROUND[1]

On or about September 17, 2012, Safe, an Indiana corporation d/b/a Safe Environmental Corp. of Indiana, entered into an installment note (the "Note") to pay certain amounts owed to the Funds pursuant to a settlement agreement. Lovelace, the owner of Safe, signed a guaranty of payment and indemnification agreement (the "Guaranty"). Plaintiffs now claim that the Note is in default because Safe failed to stay current on the submission of monthly contributions reports. Plaintiffs seek a judgment against Defendants for the amounts due on the Note, including unpaid contributions, interest, liquidated damages, and Plaintiffs' attorneys' fees and costs. Plaintiffs also seek to compel Defendants to submit and pay current reports and contributions for the period of August 2012 to the present, and to submit Safe's books and records to an audit on demand to determine benefit contribution compliance. Plaintiffs further seek to compel Defendants to submit dues that should have been but were not withheld from the wages of employees performing covered work from November 2012 to the present. On February 4, 2013, Defendants filed a motion to dismiss the complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and

---

[1] In assessing both the Court's subject-matter jurisdiction and the complaint's legal sufficiency, the Court accepts all well-pled allegations as true and draws all inferences in favor of the plaintiff. *Scanlan v. Eisenberg*, 669 F.3d 838, 841 (7th Cir. 2012).

12(b)(6) for lack of subject-matter jurisdiction and failure to state a claim upon which relief may be granted, respectively.

Safe entered into a collective bargaining agreement ("the Agreement") with the Construction and General Laborers' District Council of Chicago and Vicinity (the "Union"). The Agreement requires Safe to make contributions on behalf of its covered employees for pension, health and welfare benefits, affiliated funds, and to submit monthly remittance reports identifying the covered employees and the amount of contributions to be remitted for each employee. Contributions which are not submitted in a timely fashion are assessed a twenty percent liquidated damages penalty plus interest. The Funds have been duly designated to act as collection agents for the Union and eleven other affiliated funds (the "Affiliated Funds"). Jorgensen is the Administrator of the Funds and has been duly authorized to act on their behalf in the collection of employer contributions and dues.

Plaintiffs filed a three count complaint on January 10, 2013. Count I asserts a breach of contract claim with respect to the Note. Count II seeks recovery for unpaid contributions under the Agreement. Count III seeks recovery for unpaid union dues under the Agreement. Plaintiffs seek recovery pursuant to Sections 502(e)(1) and (2) and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1132(c)(1) and (2) and 1145, as well as Section 301(a) of the Labor Management Relations Act of 1947 ("LMRA"), as amended, 29 U.S.C. §185(a).

## LEGAL STANDARD

Under Rule 12(b)(1), the plaintiff bears the burden of establishing that the Court has jurisdiction over its claims. *United Phosphorous, LTD. v. Angus Chem. Co.*, 322 F.3d 942, 946 (7th Cir. 2003). The Court may consider matters outside of the complaint in ruling on a motion to dismiss for lack of subject-matter jurisdiction. *Ezekiel v.* Michel, 66 F.3d 894, 897 (7th Cir. 1995).

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the complaint. *Sabo v. Bridgeport Machs., Inc.*, 249 F.3d 672, 675 (7th Cir. 2001). The allegations in a complaint must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A plaintiff need not provide detailed factual allegations and merely must provide enough factual support to raise his right to relief above a speculative level. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A claim must be facially plausible, meaning that the pleadings must allow the court to draw the reasonable inference that the defendant is liable for the purported misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## DISCUSSION

### I. Motion to Dismiss under Rule 12(b)(1)

#### A. Count I (Default of Note)

Defendants assert that the Court lacks jurisdiction to entertain Count I because it is a breach of contract claim that is not rooted in any federal question but rather is

an issue of state law. Plaintiffs contend that this Court should adjudicate Count I pursuant to the Court's supplemental jurisdiction. *See* 28 U.S.C. § 1367.

Under 28 U.S.C. § 1367(a), "district courts shall have supplemental jurisdiction over all other claims that are so related that they form part of the same case or controversy under Article III of the United States Constitution." "[F]ederal courts may exercise supplemental jurisdiction over a state claim if the state and federal claims 'derive from a common nucleus of operative fact'[.]" *Hansen v. Bd. of Trs. of Hamilton S.E. Sch. Corp.*, 551 F.3d 599, 607 (7th Cir. 2008) (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966)).

In the present case, Plaintiffs' complaint alleges that both the Note and the Guaranty refer to Safe's obligations to submit monthly benefit contributions and union dues. The Guaranty provides that Lovelace agrees to be personally liable for all monthly benefit contributions, union dues, and/or wages owed from Safe to the Funds. The Note was the product of a settlement that resolved a dispute over the Agreement that is the focus of Counts II and III. Hence, the Note and Guaranty specified in Count I derive from the same nucleus of operative facts, and, in the interest of judicial economy, the Court will entertain this count pursuant to Section 1367.

Defendants note that Plaintiffs did not specifically cite to Section 1367 in their complaint, though Plaintiffs did cite to it in their memorandum in opposition to the instant motion. Rule 8(a)(1), however, does not require formalistic statutory citations. *See Rohler v. TRW, Inc.*, 576 F.2d 1260, 1264 (7th Cir. 1978).

### B.  Jurisdiction under LMRA

Defendants contend that this Court lacks jurisdiction over the complaint as a whole under the LMRA.  Defendants' sole rationale for this averment appears to be Plaintiffs' failure to attach a copy of the Agreement rather than the memorandum constituting the short form of the Agreement which Plaintiffs have attached.  The Court is not persuaded by this objection, for "[a] plaintiff is under no obligation to attach to her complaint documents upon which her action is based, but a defendant may introduce certain pertinent documents if the plaintiff failed to do so."  *Venture Assocs. Corp. v. Zenith Data Sys. Corp*, 987 F.2d 429, 431 (7th Cir. 1993). Furthermore, the Agreement was entered into with Safe, so Defendants could have introduced it if it contained an arbitration clause that would divest this Court of jurisdiction.

### C. Jurisdiction under ERISA

Defendants contend that the Funds and Jorgensen lack standing to bring this claim under ERISA on behalf of the affiliated Funds, thereby rendering this Court unable to hear it pursuant to Article III of the Constitution.  Article III limits the jurisdiction of federal courts to claims presenting a case or controversy between the plaintiff and defendant.  *Warth v. Seldin*, 422 U.S. 490, 498 (1975).  For a plaintiff to establish Article III standing, it must demonstrate: (i) an actual or imminent injury in fact which is an invasion of a protected legal interest; (ii) a causal relationship between the injury and the defendant's conduct; and (iii) a likelihood of redressability

as a result of the court's decision. *Lee v. City of Chi.*, 330 F.3d 456, 468 (7th Cir. 2003) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)).

Defendants assert that the Funds lack standing to bring this claim on behalf of the Affiliated Funds because Plaintiffs have not clearly articulated how they are authorized to do so. In their complaint, however, Plaintiffs state that the Funds have been duly authorized to collect benefits on behalf of the Affiliated Funds. Taken as true, this representation provides sufficient notice to Defendants of the Funds' authority in this matter.

Defendants also object that ERISA does not grant the Funds the ability to collect on behalf of the Affiliated Funds. "[A] multiemployer plan may sue as a fiduciary under 29 U.S.C. § 1132(e)." *Line Constr. Benefit Fund v. Allied Elec. Contrs., Inc.*, 591 F.3d 576, 580 (7th Cir. 2010). The Funds in the instant case are seeking to collect on behalf of the Affiliated Funds contributions obtained from the same participant employees pursuant to the Agreement. The Court thus holds that the Funds possess standing under ERISA.

Defendants finally contend that Jorgensen lacks standing because he is not a fiduciary under ERISA. A person is a fiduciary to an ERISA benefit plan if "he exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets," or "he has any discretionary authority or discretionary responsibility in the administration of such plan." 29 U.S.C. § 1002(21)(A)(i), (iii).

In determining whether one is a fiduciary, the Court does not look to the person's formal designation; rather, one's status as a fiduciary "should be viewed in functional terms of control and authority over the plan." *Ruiz v. Cont'l Cas. Co.,* 400 F.3d 986, 990 (7th Cir. 2005) (citing *Mertens v. Hewitt Assocs.*, 508 U.S. 248, 262 (1993) (internal quotation marks omitted)).

Plaintiffs' complaint alleges that Jorgensen is the Administrator of the Funds and that he has been duly authorized to act on behalf of the Funds in the collection of employer contributions and dues. Plaintiffs need not set forth in their complaint a detailed description of Jorgensen's duties with respect to the Funds. Taken as true, Plaintiffs' complaint adequately pleads above a speculative level that Jorgensen is a fiduciary within the meaning of ERISA.

**II. Motion to Dismiss under Rule 12(b)(6)**

Defendants seek dismissal of Plaintiffs' complaint on three grounds: (i) Defendants' obligations under the note have been discharged due to a condition subsequent; (ii) the Guaranty is not binding upon Lovelace due to a lack of additional consideration; and (iii) Counts II and III should be dismissed against Lovelace because individual corporate officers are not generally liable under ERISA.

The first issue pertains to the interpretation of the Note. Defendants contend that a condition subsequent has occurred that terminates Defendants' obligations under the Note. Plaintiffs counter that Defendants have taken a sentence from the Note out of context. The pleadings stage is not the appropriate forum for resolving

disputes on the merits. The Court views Defendants' attack as one grounded upon the merits of the complaint rather than its sufficiency under Rule 12(b)(6). At this juncture of the pleadings, the Court will not engage in a substantive interpretation of the Note to evaluate Defendants' claim of the occurrence of a condition subsequent. *See Gibson v. City of* Chicago, 910 F.2d 1510, 1520 (7th Cir. 1990) (Rule 12(b)(6) motion tests a complaint's sufficiency, not the merits of a case). The complaint provides sufficient notice to Defendants as to what Plaintiffs are alleging—that the Note is in default, and the complaint thus adequately pleads the count when drawing all reasonable inferences in favor of Plaintiffs. *See Scanlan*, 669 F.3d at 841.

The Court draws the same conclusion with respect to Defendants' claim regarding Lovelace's purported liability under the Guaranty. The Note was signed on or about September 17, 2012, and the Guaranty was signed by Lovelace eleven days later. Defendants complain that Plaintiffs did not plead separate consideration with respect to the execution of the Guaranty. Plaintiffs' complaint categorizes the Note as having been signed simultaneously with the Guaranty. Whether this is a dispute regarding the meaning of the term "simultaneously" or one involving whether or not additional consideration is required for a guaranty not signed simultaneously with a note, a motion under Rule 12(b)(6) is not the proper forum for resolving it. Plaintiffs' complaint provides Defendants with adequate notice of the allegation even if separate consideration were not included in it, thereby satisfying the liberal notice pleading standard of Rule 8(a)(2).

Finally, Defendants move to dismiss Counts II and III as they pertain to Lovelace because, Defendants claim, the complaint fails to plead a legal theory under which Lovelace would be liable individually for damages related to these counts. The Court, however, reads the complaint to allege that Lovelace is liable as a guarantor with respect to these counts. The veracity of this allegation has yet to be determined; however, the claim is sufficient to provide Defendants with notice of the claim against Lovelace. Defendants cite to the general rule that corporate officers are not liable for corporate debt under ERISA. This argument is, however, one geared toward the merits of the claim, and it fails to recognize Plaintiffs' charge that Lovelace is a guarantor. The Court hence is not persuaded by Defendants' final argument in support of their motion to dismiss.

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss under Rules 12(b)(1) and 12(b)(6) is denied.

_____
Charles P. Kocoras
United States District Judge

Dated:   May 3, 2013  .