## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 13 C 180 | **DATE** | June 24, 2013 |
| **CASE TITLE** | Laborers' Pension Fund et al vs. Safe Environmental Corp. et al | | |

**DOCKET ENTRY TEXT**

Defendants' motion (Doc [27]) to reconsider is denied. Status hearing set for 7/3/2013 at 9:30 a.m. to stand.

■[ For further details see text below.]   Docketing to mail notices.

### ORDER

This matter comes before the Court on the motion of Defendants Safe Environmental Corporation and Rick Lovelace ("Lovelace") (collectively "Defendants") to reconsider the Court's prior denial of Defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 54(b). For the following reasons, the motion is denied.

On January 10, 2013, Plaintiffs Laborers' Pension Fund and Laborers' Welfare Fund of the Health and Welfare Department of the Construction and General Laborers' District Council of Chicago and Vicinity (the "Funds") and James S. Jorgensen ("Jorgensen"), Administrator of the Funds (collectively "Plaintiffs") filed a three count complaint against Defendants. The complaint asserts a state law breach of contract claim based on an allegedly defaulted installment note (the "Note") and for collection of delinquent contribution payments and union dues pursuant to a collective bargaining agreement (the "Agreement") on behalf of the Funds and eleven affiliated funds (the "Affiliated Funds") pursuant to Sections 502(e)(1) and (2) and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1132(c)(1) and (2), 1145, and Section 301 of the Labor Management Relations Act of 1947 (the "LMRA"), as amended, 29 U.S.C. § 185(a). Plaintiffs contend that Lovelace is personally liable on the Note pursuant to a guaranty (the "Guaranty"). Defendants moved to dismiss the complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) for lack of subject-matter jurisdiction and failure to state a claim upon which relief may be granted, respectively. On May 3, 2013, this Court denied the motion. On May 17, 2013, Defendants filed the instant motion to reconsider.

A "motion to reconsider" does not exist under the Federal Rules of Civil Procedure. *Talano v. NW. Med. Faculty Found.*, 273 F.3d 757, 760 n. 1 (7th Cir. 2001). Orders that do not dispose of a case in its entirety are reviewed under Rule 54(b), which permits a court to exercise its inherent authority to reconsider its interlocutory orders, which may be modified at any time before entry of a final judgment. *Moses H. Cone Mem'l Hosp. v.*

**ORDER**

*Mercury Const. Corp.*, 460 U.S. 1, 12 (1983). However, motions to reconsider are only proper to correct manifest errors of law or fact or to present newly discovered evidence. *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996). With respect to manifest errors, a motion to reconsider is only appropriate where "the court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the court by the parties, or has made an error not of reasoning but of apprehension." *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1991). The losing party's disappointment is insufficient to establish a manifest error. *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2001). Rather, a manifest error occurs where there has been a "wholesale disregard, misapplication, or failure to recognize controlling precedent." *Id.* A motion to reconsider is also appropriate if there has been "a controlling or significant change in the law or facts since the submission of the issue to the court." *Bank of Waunakee*, 906 F.2d at 1191. Whether to grant a motion to reconsider is a matter squarely within the court's discretion. *Caisse Nationale de Credit Agricole*, 90 F.3d at 1270.

Defendants move that this Court reconsider its ruling on the grounds that: (i) Jorgensen is not a fiduciary and thus lacks standing; (ii) the Funds lack standing under ERISA and the LMRA to seek contribution on behalf of the Affiliated Funds; (iii) the Note has been terminated due to the occurrence of a condition subsequent; and (iv) the Guaranty is void for lack of consideration. The vast majority of Defendant's motion contains arguments presented in their motion to dismiss. The Court carefully considered all arguments in its memorandum opinion of May 3, 2013, and the Court declines to repeat its reasoning set forth therein. A careful review of the instant motion leaves the Court persuaded that it has not misapprehended Defendants' arguments. Motions to reconsider are not proper vehicles for rehashing old arguments, and Defendants have done so with respect to many of their arguments in the instant motion. *See Finnsugar Bioproducts, Inc. v. Amalgamated Sugar Co.,* LLC, 244 F. Supp. 2d 890, 891 (N.D. Ill. 2002). With respect to Defendants' argument that Plaintiffs waived their arguments regarding the Note and the Guaranty, which the Court did not specifically address in its opinion, Plaintiffs did, albeit briefly, respond to Defendants' arguments regarding the Note's being terminated due to a condition subsequent and the issue of consideration with respect to the Guaranty. The Court thus does not view Plaintiffs' arguments on these issues as having been waived.

The Court will consider, however, Defendants' citation to *Shales v. Schroeder Asphalt Servs.*, No. 12 C 6987, 2013 U.S. Dist. LEXIS 71415 (N.D. Ill. May 21, 2013). As *Shales* is persuasive authority from this district that had not been published prior to this Court's ruling, the Court elects to exercise its discretion and thus will address *Shales*. The court in *Shales* analogized the facts of that case to those in *Trs. of the Chi. Painters and Decorators Funds v. Darwan*, No. 01 C 2458, 2004 U.S. Dist. LEXIS 23511, at *14-18 (N.D. Ill. Nov. 19, 2004). In *Darwan*, the plaintiff funds were attempting to collect for themselves delinquent contribution payments from a separate union. The collective bargaining agreement in that case did not authorize the plaintiff funds to collect on behalf of the third-party funds. In the instant case, Plaintiffs have pleaded that they represent all funds (including the Affiliated Funds) covered by the Agreement. By contrast, the plaintiff funds in *Darwan* were not representing the parties on whose behalf they brought suit.

Defendants also argue that Plaintiffs have not shown a hindrance that would prevent the Affiliated Funds from bringing suit themselves, and the Affiliated Funds thus lack standing, according to Defendants. The type of standing argument raised by Defendants is one of prudential and not constitutional standing.

In addition to constitutional-standing requirements, there are prudential limitations on the power of federal courts to hear cases. *See Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc.*, 454 U.S. 464, 474-75 (1981). Prudential-standing doctrine "is not jurisdictional in the sense that Article III standing is." *Mainstreet Org. of Realtors v. Calumet City, Ill.*, 505 F.3d 742, 747 (7th Cir. 2007). In the instant case,

**ORDER**

Plaintiffs allege that the hindrance involved relates to the small amount of money at stake compared to the litigation costs that the Affiliated Funds would have to bear were they to bring suit. The Supreme Court has recognized this type of pragmatic consideration. *See Powers v. Ohio*, 499 U.S. 400, 415 (1991). This Court accepts Plaintiffs' argument that there exists a sufficient hindrance to warrant suit on behalf of the Affiliated Funds. In *Shales*, the plaintiff funds did not argue any type of hindrance, and there was no authorization for them to represent the third-party funds. Commonality of interests is also required for third-party standing. *Kowalski v. Tesmer*, 543 U.S. 125, 129-30 (2004). The Court finds that there is a commonality of interests, as Plaintiffs represent the Affiliated Funds.

For the foregoing reasons, Defendants' motion to reconsider is denied.

Date: June 24, 2013

CHARLES P. KOCORAS
U.S. District Judge